**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**AKRON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY J. KREBS, individually and on behalf of all others similarly situated,** | : | **CASE NO.______________** |
| **Plaintiffs,** | : | **JUDGE: __________________** |
| **v.** | : | |
| | : | **JURY DEMANDED** |
| **AKRON BRASS COMPANY,** | : | |
| ***Defendant.*** | : | |

**COMPLAINT**

## I. INTRODUCTION

1. This is an action brought by Timothy J. Krebs (hereinafter "Named Plaintiff") on behalf of himself and all others similarly situated against Akron Brass Company (hereinafter "Defendant").

2. Named Plaintiff brings his federal claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3. Named Plaintiff brings his Ohio claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the

OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60. Named Plaintiff brings his Ohio Acts and O.R.C. § 2307.60 on behalf of himself and all similarly situated employees from Ohio who file their written consent to join this action pursuant to Ohio Rev. Code. § 4111.14(k). Named Plaintiff seeks Court Supervised Notice pursuant to Ohio Rev. Code § 4111.14(k).

4. Named Plaintiff and those similarly situated are current and former employees of Defendant who did not receive one and a half times their regular rate for all hours worked over forty (40) in a workweek. (hereafter, "Putative Plaintiffs").

5. Under the FLSA and the Ohio Wage Acts, Defendant was required to pay for all hours Putative Plaintiffs worked and pay them 150% of their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs who performed pre-shift and post-shift work, Defendant violated the FLSA and the Ohio Acts.

## II. JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

9. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## III. THE PARTIES

10. Timothy J. Krebs ("Named Plaintiff") is an adult resident of Mansfield, Ohio residing at 252 Lexington Ontario Rd. Mansfield, Ohio 44903. Named Plaintiff was employed by Defendant as a Core Maker from approximately May 2016 until approximately July 2023, when he transferred into a utility worker position and remains employed in that position as of the filing of this Complaint. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

11. The Putative Plaintiffs are all non-exempt employees employed by Defendant within three (3) years preceding the commencement of this action who were not paid overtime at the rate of 150% their correct respective regular rates for hours worked over forty (40) in a workweek. ("Putative Plaintiffs")

12. Defendant Akron Brass Company is a foreign corporation registered to do business in the state of Ohio. Process may be served upon its Registered Agent, CT Corporation System at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## IV. FACUTAL ALLEGATIONS

13. During all times material to this Complaint, Defendant was an employer within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

14. During all times material to this Complaint, Defendant employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Acts.

15. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendant's employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

17. During all times material to this Complaint, Defendant hired Named Plaintiff and the Putative Plaintiffs as part of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union on behalf of Local 45B-12. ("the Union")

18. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were classified as non-exempt and paid at an hourly rate, and thus were entitled to be paid 150% of their regular rate for all hours worked over forty (40) in a workweek.

19. Per Defendant's website, Defendant is a global manufacturer of firefighting equipment and emergency response products, including handline nozzles, monitors, valves, and more. [1]

20. During all times material to this Complaint, Named Plaintiff has been employed by Defendant as a utility worker, with his primary responsibility being to fill in for absent workers across various job classifications in order to keep production running.

21. On the rare occasions when the Named Plaintiff is not covering other roles, his personal duties include weighing barrels and loading used goods on trucks.

[1] *See https://www.akronbrass.com/about* accessed on July 21, 2025

22. During all times material to this Complaint, Named Plaintiff's job duties as a utility worker had no impact on the safety of operation of motor vehicles in interstate commerce, nor did Named Plaintiff have the responsibility of judging how the truck loads should be distributed.

23. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

24. During all times material to this Complaint, Defendant would record Named Plaintiff and the Putative Plaintiffs' hours worked using the software system KRONOS, wherein Named Plaintiff and the Putative Plaintiffs would have to scan a badge to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

25. Prior to February 2025, Named Plaintiff was typically scheduled to work Monday through Thursday from 4:45 a.m. to 2:45 p.m., with an additional six (6) to eight (8) hour shift on Fridays, resulting in approximately forty-six (46) to forty-eight (48) hours a week.

26. Upon information and belief, based on his working alongside and speaking with Putative Plaintiffs, this type of schedule was common among the Putative Plaintiffs.

27. On February 19, 2025, Named Plaintiff filed a grievance with Defendant stating that Defendant had inaccurately calculated his overtime pay in accordance with the FLSA and the Collective Bargaining Agreement ("CBA") between Defendant and the Union. *See copy of Grievance* attached as **Exhibit B.**

28. In response, Defendant attempted to have Named Plaintiff sign a settlement for fifteen dollars ($15.00) in exchange for the release of all claims related to his employment with Defendant. Named Plaintiff refused to sign. *See Proposed Grievance Settlement Agreement* attached as **Exhibit C.**

29. As a result of Named Plaintiff's grievance, Defendant substantially reduced scheduling Named Plaintiff and similarly situated Putative Plaintiffs for weekend shifts in an apparent effort to reduce their total hours and avoid paying overtime compensation.

30. Since February 2025, Named Plaintiff's typical schedule has been Monday through Thursday from 4:45 a.m. to 2:45 p.m., though he now infrequently still works additional hours that result in overtime.

31. During all times material to this Complaint, as a utility worker, Named Plaintiff's primary job duty is to fill in for absent workers to ensure uninterrupted production. For example, Named Plaintiff may cover positions in various classifications, including molder, furnace tender, shakeout and pouring, sand conditioner, inspection, grinder, and shell core operator.

32. During all times material to this Complaint, whenever an employee in one of these seven (7) classifications is absent—even for just a few hours—Named Plaintiff is required to clock in under that specific job classification's code, indicating a transfer in the timekeeping system before starting the duties associated with that role.

33. During all times material to this Complaint, Named Plaintiff, as a utility worker, is the first to be assigned coverage duties when another worker is absent. However, Putative Plaintiffs are also required to step into other roles as necessary to ensure production continues, depending on the staffing needs for that day.

34. During all times material to this Complaint, according to Defendant's policy and Section 7.1.6 of the CBA, "where an employee is temporarily assigned to work outside his own classification… he shall receive his own rate of pay or the maximum of the rate of the job

classification for the work to which he is assigned, whichever is higher, provided that the transfer is for one (1) hour or more. *See Copy of CBA* attached as **Exhibit D.**

35. During all times material to this Complaint, if Named Plaintiff or Putative Plaintiffs performed work for one (1) hour or more outside of their own job classification, Defendant paid (and continues to pay) Named Plaintiff and the Putative Plaintiffs different hourly rates based on the higher of the two classifications.

36. During all times material to this Complaint, Pursuant to C.F.R. § 778.115, Defendant is required to add up all of the compensation during the workweek from all such rates and then divide by the total number of hours worked at all hourly classifications to arrive at the blended rate from which Defendant would use to calculate the regular rate for overtime purposes (the "Blended Rate Method").

37. However, during all times material to this Complaint, if Named Plaintiff and the Putative Plaintiffs performed work for more than one (1) hour or more outside of their own job classification, Defendant failed to use the Blended Rate Method for purposes of calculating and paying the correct method of overtime compensation. *See Named Plaintiff's Miscalculated Paystub* attached as **Exhibit E.**[2]

38. Upon information and belief, Defendant knew or should have known that it was not (and is not) compensating Named Plaintiff and the Putative Plaintiffs for the proper amount of overtime compensation in violation of the FLSA and Ohio Wage Laws.

---

[2] Named Plaintiff Krebs produced copies of his paystubs to Plaintiffs' Counsel. Plaintiffs' Counsel thereafter reviewed the paystubs, selected one at random, and calculated what Named Plaintiffs' proper overtime rate should have been had Defendant used the Blended Rate Method. Plaintiffs' miscalculated paystub referenced for the calculations, is attached as **Exhibit E**.

39. Upon information and belief, Defendant failed to calculate Named Plaintiff and Putative Plaintiffs' overtime using the Blended Rate Method as part of a scheme to avoid paying overtime.

40. During all times material to this Complaint, Defendant's failure to pay Named Plaintiff and the Putative Plaintiffs for all hours worked over forty at one-and one-half times their *proper* regular rates was a violation of the FSLA and Ohio Wage Acts.

41. During all times material to this Complaint, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate.

42. During all times material to this Complaint, Defendant's pay practice of not paying Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate, was willful and not in good faith.

## V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b)ALLEGING FLSA VIOLATIONS

43. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

44. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former hourly employees employed by Akron Brass Company who, within the three (3) years preceding the commencement of this action through the present, worked more than forty (40) hours a workweek and, during that same workweek, were clocked in under more than one job classification code. ("Employees Entitled to Notice")**

45. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice he seeks to have the Court serve notice based upon further investigation and discovery.

46. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

47. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

48. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them one-and one-half times their correct regular rate for all hours worked over forty (40) in a workweek.

49. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

50. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

51. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

52. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

53. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

54. Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendant's willful refusal to pay minimum wages for all hours worked, including failing to pay 150% of Named Plaintiff's and the Employees Entitled to Notice's correct regular rate for all hours worked beyond forty (40) in a workweek.

55. As a result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

56. Any alleged defenses Defendant may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

57. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

58. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer of Named Plaintiff and Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

59. During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

60. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Named Plaintiff, and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

61. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

62. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

63. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

64. Defendant violated federal law because it knew or should have known that Named Plaintiff and the Putative Plaintiffs should have been paid overtime for all hours worked over forty (40) in a workweek, including calculating the regular rate using the appropriate blended rate method.

65. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

66. Named Plaintiff and the Employees Entitled to Notice should have been paid minimum wages for all hours worked and 150% of their regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

67. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continued to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

68. Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

**COUNT II**
**VIOLATION OF THE OHIO WAGE ACT**

69. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

70. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

71. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods

provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

72. At all times material to this Complaint, Defendant was an employer covered by the Ohio Wage Act and has been thus required to comply with its mandates.

73. At all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

74. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio to work more than forty (40) hours in a workweek.

75. At all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked, including Defendant's repeated action of refusing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

76. Defendant violated the Ohio Wage Act because it knew or should have known Named Plaintiff and the Putative Plaintiffs should have been paid overtime for all hours worked over forty (40) in a workweek, including calculating the regular rate using the appropriate blended rate method.

77. Indeed, at all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

78. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

79. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

80. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio have suffered and continue to suffer damages.

## COUNT III
## OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES

81. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

82. At all times relevant to this Complaint, Defendant was Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

83. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

84. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

85. Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

86. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

**COUNT IV**
**VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)**

87. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

88. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

89. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

90. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

91. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and the Putative Plaintiffs, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendant seeks to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C. Designating Named Plaintiff as representative for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

D. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendant's expense;

E. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FLSA Employees Entitled to Notice;

F. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

G. Awarding Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. Awarding pre-judgment and post-judgment interest;

J. Any other relief to which the Named Plaintiff and Employees Entitled to Notice may be entitled.

Dated: July 29, 2025

Respectfully submitted,

*/s/ Robert E. DeRose*

Robert E. DeRose (OH Bar No. 0055214)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com
acaplan@barkanmeizlish.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff requests a trial by jury on all of their claims.

*/s/ Robert E. DeRose*
Robert E. DeRose